**IN THE UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF TENNESSEE
NASHVILLE DIVISION**

| | | |
|---|---|---|
| **CURTIS RANDALL HODGES,** | ) | |
| | ) | |
| **Plaintiff,** | ) | |
| | ) | |
| **v.** | ) | **NO. 3:19-cv-00502** |
| | ) | |
| **HERBERT H. SLATERY, III, et al.,** | ) | **JUDGE CAMPBELL** |
| | ) | |
| **Defendants.** | ) | |

## MEMORANDUM AND ORDER

Before the Court is a pro se complaint under 42 U.S.C. § 1983 (Doc. No. 1), filed by Plaintiff Curtis Randall Hodges, formerly an inmate of the Sumner County Jail in Gallatin, Tennessee. Plaintiff was released from custody shortly after filing his complaint and has filed a proper, non-prisoner application for leave to proceed in forma pauperis (IFP). (Doc. No. 8.)

This matter is now before the Court for a determination of Plaintiff's pauper status and an initial review of the complaint pursuant to 28 U.S.C. §§ 1915(e)(2).

## I. APPLICATION TO PROCEED AS A PAUPER

Because it is apparent from Plaintiff's IFP application that he lacks the funds to pay the entire filing fee in advance, his application (Doc. No. 8) is **GRANTED**.

## II. INITIAL REVIEW

Pursuant to 28 U.S.C. § 1915(e)(2)(B), the Court must dismiss any IFP complaint that is facially frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. The initial review of whether the complaint states a claim upon which relief may be granted asks whether it contains "sufficient

factual matter, accepted as true, to state a claim to relief that is plausible on its face," such that it would survive a motion to dismiss under Federal Rule of Civil Procedure 12(b)(6). *Hill v. Lappin*, 630 F.3d 468, 470–71 (6th Cir. 2010) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).

"A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at 678. Applying this standard, the Court must view the complaint in the light most favorable to Plaintiff and must take all well-pleaded factual allegations as true. *Tackett v. M & G Polymers, USA, LLC*, 561 F.3d 478, 488 (6th Cir. 2009) (citing *Gunasekera v. Irwin*, 551 F.3d 461, 466 (6th Cir. 2009) (citations omitted)). Furthermore, pro se pleadings must be liberally construed and "held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)). However, pro se litigants are not exempt from the requirements of the Federal Rules of Civil Procedure, *Wells v. Brown*, 891 F.2d 591, 594 (6th Cir. 1989), nor can the Court "create a claim which [a plaintiff] has not spelled out in his pleading." *Brown v. Matauszak*, 415 F. App'x 608, 613 (6th Cir. 2011) (quoting *Clark v. Nat'l Travelers Life Ins. Co.*, 518 F.2d 1167, 1169 (6th Cir. 1975)).

## A. Section 1983 Standard

Plaintiff seeks to vindicate alleged violations of his federal constitutional rights under 42 U.S.C. § 1983. Section 1983 creates a cause of action against any person who, acting under color of state law, deprives an individual of any right, privilege or immunity secured by the Constitution or federal laws. *Wurzelbacher v. Jones-Kelley*, 675 F.3d 580, 583 (6th Cir. 2012). Thus, to state a Section 1983 claim, Plaintiff must allege two elements: (1) a deprivation of rights secured by the Constitution or laws of the United States, and (2) that the deprivation was caused by a person acting under color of state law. *Carl v. Muskegon Cty.*, 763 F.3d 592, 595 (6th Cir. 2014).

**B. Allegations and Claims**

Plaintiff sues the Tennessee Attorney General, Herbert H. Slatery, III, and the former Director of the Tennessee Bureau of Investigation, Mark Gwyn, in their official capacity,[1] claiming that his constitutional rights have been violated by their enforcement of the Tennessee Sexual Offender and Violent Sexual Offender Registration, Verification and Tracking Act of 2004 (hereinafter, "the Act"), Tenn. Code Ann. § 40-39-201 *et seq.* (Doc. No. 1 at 2–5, 14.) Following his 1987 conviction of aggravated sexual battery, Plaintiff was sentenced to a five-year term of imprisonment. (*Id.* at 4.) No sex offender registration requirement existed at the time of Plaintiff's conviction. (*Id.*)

Plaintiff was first required to register as a sexual offender in 2008, when officers showed up at his residence and took him into custody for the purpose of compelling his registration under the Act. (*Id.* at 6.) Since that time, he claims that he has been unconstitutionally subjected to retroactive application of the Act's requirements (*id.* at 11) such that now, under the current version of the Act,[2] he is required to register in person with state authorities every 90 days for the rest of his life or be subjected to punishment by incarceration which "cannot be suspended, probated or diverted." (*Id.* at 4–8.) He also states that he was in custody at the time he filed the complaint because he had failed to timely report his purchase of a new cell phone. (*Id.* at 3.)

Plaintiff alleges that his retroactive placement on the registry has resulted in "punishment inflicted by his fellow citizens - not the state," manifested in (1) his loss of numerous jobs upon

---

[1]    Plaintiff's failure to correctly name the current Director of the Tennessee Bureau of Investigation in his official capacity is immaterial for purposes of the Court's initial screening of the complaint.

[2]    In 2004, the Tennessee legislature repealed its original sex offender registration statute (the Sex Offender Registration and Monitoring Act of 1994) and replaced it with the Act, which has since been amended multiple times. *See Doe v. Haslam*, No. 3:16-cv-02862, 2017 WL 5187117, at *2 (M.D. Tenn. Nov. 9, 2017).

his employer learning of his sex-offender status, and (2) the requirement that he move multiple times due to accompanying residential restrictions. (*Id.* at 6, 12.) He claims that the current version of the Act is "punitive in substance and effect" (*id.* at 9), "result[s] in retroactive punishment," and is therefore unconstitutional. (*Id.* at 11.) Plaintiff claims that the Act's enforcement violates his First Amendment right to free speech, his Eighth Amendment right to be free from cruel and unusual punishment, and his Fourteenth Amendment right to due process. (*Id.* at 9, 14.)

As relief, Plaintiff asks the Court to declare that the Act imposes punishment in violation of the Constitution and to award permanent injunctive relief prohibiting the Act's enforcement, "including the dissemination of information regarding registration" under the Act. (*Id.* at 14–15.)

## C. Analysis

Plaintiff claims that the Act, as applied to him,[3] violates his First, Eighth, and Fourteenth Amendment rights. However, these constitutional claims are based on Plaintiff's argument for the application here of case law that considered other states' sex offender registration laws as applied to the particular plaintiffs in those cases (Doc. No. 1 at 10–11, 13–15),[4] rather than factual allegations that could give rise to a plausible claim of First, Eighth, and Fourteenth Amendment violations in this case. Liberally construing the complaint as raising a challenge under the Ex Post

---

[3]    While Plaintiff also claims that the Act "result[s] in retroactive punishment on its face" (Doc. No. 1 at 11), the gravamen of the complaint is its claim that the Act is invalid in the fact-specific context of its retroactive application to Plaintiff. For this reason, and because facial challenges are disfavored particularly when an as-applied challenge is also made, *Washington State Grange v. Washington State Republican Party*, 552 U.S. 442, 450 (2008), the Court does not view the complaint as stating a colorable claim that the Act should be stricken *in toto* as facially unconstitutional. *See Warshak v. United States*, 532 F.3d 521, 529 (6th Cir. 2008) (noting that the point of a facial attack is "to leave nothing standing," since success on a facial challenge to a statute requires "that no set of circumstances exists under which the Act would be valid") (quoting *United States v. Salerno*, 481 U.S. 739, 745 (1987)).

[4]    Plaintiff relies on *Does #1-5 v. Snyder*, 834 F.3d 696 (6th Cir. 2016) (holding that retroactive application of Michigan's sex offender registration statute punished plaintiffs in violation of Ex Post Facto Clause), and *Millard v. Rankin*, 265 F. Supp. 3d 1211 (D. Colo. 2017) (holding that Colorado statute as applied to plaintiffs violated their Eighth and Fourteenth Amendment rights).

Facto Clause, the only requirements of the Act alleged as the source of any violation are the requirements that Plaintiff register in person with state authorities every 90 days for the rest of his life and report such things as the purchase of a new cell phone; the requirement that his status as a sex offender be publicly disseminated; and what Plaintiff vaguely refers to as "residential restrictions." (*Id.* at 4, 12.) His only allegation of resulting harm is the nonspecific report of job loss and being forced to move, and the relief he seeks is an injunction "prohibiting enforcement of [the Act] including the dissemination of information regarding registration." (Doc. No. 1 at 6, 12, 15.)

Even broadly construing the complaint's sparse allegations, the Court cannot find that Plaintiff has stated any plausible claims of First, Eighth, or Fourteenth Amendment violations attributable to the Act, rather than to the fact of his conviction of a violent sex offense. *Cf. Burns v. Helper*, No. 3:18-cv-01231, 2019 WL 5987707, at *7 (M.D. Tenn. Oct. 24, 2019) (recommending dismissal where complaint's allegations did not support plausible Sixth, Eighth, and Fourteenth Amendment claims resulting from "the Act itself," and where allegation of harm "turns on the fact of his conviction and not on the Sex Offender Registration Act"), *report and recommendation adopted*, No. 3:18-cv-01231, 2019 WL 5964546 (M.D. Tenn. Nov. 13, 2019); *accord Smith v. Doe*, 538 U.S. 84, 101 (2003) ("Although the public availability of the information may have a lasting and painful impact on the convicted sex offender, these consequences flow not from the Act's registration and dissemination provisions, but from the fact of conviction, already a matter of public record."). The allegations that Plaintiff must register with law enforcement every 90 days or incur liability and must abide by reporting requirements and residential restrictions, standing alone, do not support a colorable claim that his rights related to free speech, cruel and unusual punishment, or due process have been violated. *See Burns*, 2019 WL 5987707, at *7

(rejecting Eighth and Fourteenth Amendment claims where plaintiff failed to plead any facts that would support the inference that the Act's requirements or restrictions were cruel and unusual, denied a procedural safeguard, or burdened a fundamental right); *see also Duarte v. City of Lewisville*, 136 F. Supp. 3d 752, 762–66 (E.D. Tex. 2015) (holding that city ordinance prohibiting convicted sex offenders from residing within 1,500 feet of places where children commonly gather did not burden a fundamental right or deprive plaintiff of a liberty interest), *aff'd sub nom. Duarte v. City of Lewisville, Texas*, 858 F.3d 348 (5th Cir. 2017).

Furthermore, "[i]t is well-settled that the state may adopt some retroactive registration and reporting requirements for sexual offenders without categorically violating the Ex Post Facto clause." *Doe v. Haslam*, No. 3:16-cv-02862, 2017 WL 5187117, at *19 (M.D. Tenn. Nov. 9, 2017) (citing *Smith*, 538 U.S. at 92). True, the Act's registration requirement may be onerous and the public dissemination of Plaintiff's status as a violent sex offender painful. But the bare allegation that he is subject to these things despite no such law being on the books in 1987 when he was convicted, and that he will be liable if he fails to register, combined with the conclusory assertion that this amounts to "retroactive punishment," is not sufficient to state a plausible Ex Post Facto claim. *See United States v. Coleman*, 675 F.3d 615, 619 (6th Cir. 2012) (rejecting argument that sentence for failing to comply with registration requirement of federal statute "actually punishes the prior sex offense and not the failure to register," and that application of statute "to individuals who committed the underlying sex offense prior to its effective date [therefore] retroactively increases the punishment for the subject offense after its commission") (citing *United States v. Felts*, 674 F.3d 599, 605–06 (6th Cir. 2012) (relying on "unanimous consensus among the circuits" that federal statute providing for conviction of a sex offender who fails to register "does not

increase the punishment for the past conviction" of a sex offense, and thus does not violate Ex Post Facto Clause)).

In sum, Plaintiff has failed to plead sufficient facts to support a plausible claim that his constitutional rights have been violated as a result of the Act's application to him. His complaint will therefore be dismissed.

### III. CONCLUSION

For these reasons, the Court finds that Plaintiff has failed to state a claim upon which relief may be granted, and that this case must therefore be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

This is the final order in this action. The Clerk **MUST** enter judgment. Fed. R. Civ. P. 58(b)(1).

It is so **ORDERED**.

_____
WILLIAM L. CAMPBELL, JR.
UNITED STATES DISTRICT JUDGE